UNITED STATES DISTRICT COURT
FILED
SEP - 2 2026
ANDREW W. MOELLER, CLERK
WESTERN DISTRICT OF NY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANDRE L.,

Plaintiff,

-v-

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---

25-CV-06178-MJR
DECISION AND ORDER

Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case.

Plaintiff Andre L.[1] ("Plaintiff") brings this action, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "defendant") denying his application for Disability Insurance Benefits ("DIB") pursuant to the Social Security Act (the "Act"). Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, Plaintiff's motion (Dkt. No. 7) is denied, and defendant's motion (Dkt. No. 9) is granted.

---

[1] In accordance with the District's November 18, 2020, Standing Order, plaintiff is identified by first name and last initial.

SEP 2 2026

## BACKGROUND[2]

Plaintiff filed an application for DIB on November 5, 2021, with an alleged onset date of October 16, 2015. (Administrative Transcript ["Tr."] 14, 179-86). His claim was denied initially on March 28, 2022, and upon reconsideration on November 1, 2022. (Tr. 65-74, 75-86). Plaintiff filed a written request for a hearing on January 5, 2023. (Tr. 118-34). On March 1, 2024, Administrative Law Judge ("ALJ") Brian Kane held a hearing, at which Plaintiff participated, with counsel. (Tr. 36-64). A vocational expert also testified. The ALJ issued an unfavorable decision on May 13, 2024. (Tr. 11-27). The Appeals Council denied review, (Tr. 1-6), and this action followed.

## DISCUSSION

I. *Scope of Judicial Review*

The Court's review of the Commissioner's decision is deferential. Under the Act, the Commissioner's factual determinations "shall be conclusive" so long as they are "supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). "The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts." *Smith v. Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force," the

[2] The Court presumes the parties' familiarity with Plaintiff's medical history, which is summarized in the moving papers.

Court may "not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). Thus, the Court's task is to ask "'whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached' by the Commissioner." *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review. The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino*, 312 F.3d at 588. While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct. The Commissioner's decision is, as described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. Id.

II. Standards for Determining "Disability" Under the Act

A "disability" is an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Commissioner may find the claimant disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but

cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." Id. §§423(d)(2)(A), 1382c(a)(3)(B). The Commissioner must make these determinations based on "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability, and . . . [the claimant's] educational background, age, and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (first alteration in original) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)).

To guide the assessment of whether a claimant is disabled, the Commissioner has promulgated a "five-step sequential evaluation process." 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). First, the Commissioner determines whether the claimant is "working" and whether that work "is substantial gainful activity." Id. §§404.1520(b), 416.920(b). If the claimant is engaged in substantial gainful activity, the claimant is "not disabled regardless of [his or her] medical condition or . . . age, education, and work experience." Id. §§404.1520(b), 416.920(b). Second, if the claimant is not engaged in substantial gainful activity, the Commissioner asks whether the claimant has a "severe impairment." Id. §§404.1520(c), 416.920(c). To make this determination, the Commissioner asks whether the claimant has "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." Id. §§404.1520(c), 416.920(c). As with the first step, if the claimant does not have a severe impairment, he or she is not disabled regardless of any other factors or considerations. Id. §§404.1520(c), 416.920(c). Third, if the claimant does have a severe impairment, the

Commissioner asks two additional questions: first, whether that severe impairment meets the Act's duration requirement, and second, whether the severe impairment is either listed in Appendix 1 of the Commissioner's regulations or is "equal to" an impairment listed in Appendix 1. Id. §§404.1520(d), 416.920(d). If the claimant satisfies both requirements of step three, the Commissioner will find that he or she is disabled without regard to his or her age, education, and work experience. Id. §§404.1520(d), 416.920(d).

If the claimant does not have the severe impairment required by step three, the Commissioner's analysis proceeds to steps four and five. Before doing so, the Commissioner must "assess and make a finding about [the claimant's] residual functional capacity ["RFC"] based on all the relevant medical and other evidence" in the record. Id. §§404.1520(e), 416.920(e). RFC "is the most [the claimant] can still do despite [his or her] limitations." Id. §§404.1545(a)(1), 416.945(a)(1). The Commissioner's assessment of the claimant's RFC is then applied at steps four and five. At step four, the Commissioner "compare[s] [the] residual functional capacity assessment . . . with the physical and mental demands of [the claimant's] past relevant work." Id. §§404.1520(f), 416.920(f). If, based on that comparison, the claimant is able to perform his or her past relevant work, the Commissioner will find that the claimant is not disabled within the meaning of the Act. Id. §§404.1520(f), 416.920(f). Finally, if the claimant cannot perform his or her past relevant work or does not have any past relevant work, then at the fifth step the Commissioner considers whether, based on the claimant's RFC, age, education, and work experience, the claimant "can make an adjustment to other work." Id. §§404.1520(g)(1), 416.920(g)(1). If the claimant can adjust to other work, he or she is not disabled. Id. §§404.1520(g)(1), 416.920(g)(1). If, however, the claimant cannot

adjust to other work, he or she is disabled within the meaning of the Act. Id. §§404.1520(g)(1), 416.920(g)(1).

The burden through steps one through four described above rests on the claimant. If the claimant carries his burden through the first four steps, "the burden then shifts to the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform." *Carroll*, 705 F.2d at 642.

III. *The ALJ's Decision*

Preliminarily, the ALJ found Plaintiff's last-insured date to be December 31, 2020. (Tr. 16). At step one of the sequential evaluation, the ALJ determined that Plaintiff had not engaged in substantial gainful activity from his alleged onset date of October 16, 2015, through his last-insured date of December 31, 2020. (Tr. 16). At step two, the ALJ found that Plaintiff had the following severe impairments: coronary artery disease and peripheral artery disease, status-post stent replacement. (Tr. 16-17). The ALJ also found that Plaintiff had the following nonsevere impairments: depression; posttraumatic stress disorder ("PTSD"); and kidney problems. At step three, the ALJ concluded that through Plaintiff's last-insured date, none of his impairments met or medically equaled one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. (17-18).

After step three but before step four, the ALJ concluded that through Plaintiff's last-insured date, he had the RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567(a). (Tr. 18-22). At step four, the ALJ determined that Plaintiff could perform his past relevant work. (Tr. 22). Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the Act, from October 16, 2015, the alleged onset date, through December 31, 2020, the last-insured date. (Tr. 22).

*Plaintiff's Challenges*

Plaintiff argues that remand is required because the ALJ erred by: (1) failing to account for Plaintiff's non-severe mental impairments in his RFC determination; and (2) relying on his own lay opinion instead of developing the record with additional medical opinion evidence relating to the relevant period. The Court finds these arguments unpersuasive.

Plaintiff contends that the ALJ erred by not accounting for Plaintiff's non-severe mental limitations in his RFC finding. While Plaintiff is correct in that the ALJ's RFC finding does not contain limitations relating to his non-severe mental impairments, "*requiring* an ALJ to limit a claimant's ability to work due to a non-severe impairment suggests that the non-severe impairment causes significant work limitations, which runs counter to the non-severity finding." *Catherine Jean D. v. Comm'r of Soc. Sec.*, No. 20-CV-1581-FPG, 2022 WL 4115367, at *3 (W.D.N.Y. Sept. 9, 2022) (citation omitted); *see Kendra C. v. Commissioner*, No. 21-CV-1131MWP, 2024 WL 1242413 at *10 (W.D.N.Y. Mar. 22, 2024) ("Although an ALJ must account for limitations caused by both severe and nonsevere impairments in formulating the RFC, if a mental impairment causes only mild limitations that do not result in any functional work-related restrictions, the ALJ does not necessarily err by formulating an RFC without mental limitations or restrictions."); *Sherry T. v. Comm'r of Soc. Sec.*, No. 1:21-CV-00977, 2023 WL 8030129, at *4 (W.D.N.Y. Nov. 20, 2023) ("When substantial evidence in the record supports only mild limitations in mental functioning, an ALJ is not required to include mental limitations or restrictions in the RFC.") citing *Lynett W. v. Comm'r of Soc. Sec.*, 2021 WL 868625, at *4 (W.D.N.Y. Mar. 9, 2021) ("mild limitations' do not necessarily 'require the addition of mental

limitations in the RFC."); *Jane M. A. v. Comm'r of Soc. Sec.*, No. 19-CV-808, 2021 WL 63066, at *5 (W.D.N.Y. Jan. 7, 2021) (ALJ properly considered mental impairments non-severe and reasonably did not include mental limitations from mild impairments in the RFC).

To that end, the ALJ considered Plaintiff's mental impairments in arriving at his RFC finding and concluded that no additional limitations were warranted. (Tr. 18-21). The ALJ also stated that in determining Plaintiff's RFC, he considered the "entire record" in making his findings. (Tr. 16, 18). He stated that he had "considered the functionally limiting effects of 'all . . . medically determination impairments,' including those that are not severe." (Tr. 17, quoting 20 C.F.R. § 404.1545; *see* Tr. 19 (noting he had considered "all symptoms" in rendering the RFC finding)). Thus, "Plaintiff has not shown that a reasonable factfinder would have to conclude that additional limitations were required in the RFC finding to account for Plaintiff's mild mental impairments." *Cynthia M. v. Comm'r of Soc. Sec.*, No. 1:23-CV-00955-CJS, 2024 WL 4289537, at *9 (W.D.N.Y. Sept. 25, 2024) citing *Cheryl F. v. Comm'r of Soc. Sec.*, No. 1:22-CV-00958-CJS, 2024 WL 1285491, at *10–11 (W.D.N.Y. Mar. 26, 2024) ("[T]he ALJ expressly stated, with regard to her RFC finding, that she was required to 'consider all of the claimant's impairments, including impairments that are not severe,' and that she had 'considered all symptoms.'").

Plaintiff next contends the ALJ's RFC finding is not supported by substantial evidence because it contained no opinion evidence pertaining to the relevant period, and the ALJ failed to develop the record for a retrospective opinion pertaining to the period at issue. Again, the Court finds this argument without merit.

Initially, contrary to Plaintiff's argument, an ALJ need not rely on any one opinion when formulating an RFC; rather, as the Second Circuit has explained, it is "the ALJ's responsibility to assess [the] RFC, and the RFC 'need not perfectly match any single medical opinion in the record, so long as it is supported by substantial evidence.'" *Spottswood*, 2024 WL 89635, at *3 (quoting *Schillo*, 31 F.4th at 78); *see, e.g.*, *McCravy v. Kijakazi*, No. 22-2832-CV, 2023 WL 7130345, at *1 (2d Cir. Oct. 30, 2023) ("The ALJ's RFC need not 'perfectly match' any one medical opinion") (citing *Schillo*, 31 F.4th at 78). In any event, the ALJ made clear that the sedentary RFC was derived from the opinion of consultative examiner Dr. Susan Dantoni, M.D., who opined that Plaintiff could perform the elements of sedentary work. (Tr. 20-22). *See Spottswood*, 2024 WL 89635); *McCravy*, 2023 WL 7130345, at *2. Plaintiff was incarcerated during the entirety of the relevant period, and thus there were no opinions the ALJ could have obtained that would have more directly related to the relevant period. Specifically, the record shows Plaintiff applied for benefits on November 5, 2021, after his incarceration at Fishkill Correctional Facility, from 2015 through October 2021. (Tr. 14, 42, 2735). The record in this case contains medical records of treatment during Plaintiff's incarceration. (Tr. 17-22; *see, e.g.*, Tr. 2732-48 (Fishkill Correctional Facility records); Tr. 2233-2475 (Westchester Medical Center records); Tr. 2754-2853 (Rochester Regional Health records)).

Furthermore, after applying for benefits, Plaintiff was scheduled for consultative examinations, and these examiners rendered opinions on Plaintiff's condition. (Tr. 1473-94). Then, the State agency consultants reviewed the available records. (Tr. 65-85). The ALJ reviewed these records, along with the breadth of evidence predating and post-dating the relevant period, as was his duty. (Tr. 17-22). Plaintiff does not identify any particular

missing records, nor any doctors who could have rendered an opinion more closely pertaining to the relevant period. *See David C. v. Comm'r of Soc. Sec.*, No. 6:23-CV-06510-CJS, 2024 WL 4347151, at *12-15 (W.D.N.Y. Sept. 30, 2024) (collecting cases); *Richard R. v. Comm'r of Soc. Sec.*, No. 6:23-CV-6346-LJV, 2024 WL 4064084, at *5 (W.D.N.Y. Sept. 5, 2024) citing *Dejesus Gonzalez v. Comm'r of Soc. Sec.*, 2017 WL 1051119, at *4 (W.D.N.Y. Mar. 19, 2019).

Mere speculation as to missing evidence – especially where, as here, it is unclear from whom such evidence could have been requested – is insufficient to warrant remand for further development of the record. *Morris v. Berryhill*, 721 F. App'x 25, 27-28 (2d Cir. 2018) (explaining that the mere "theoretical possibility" of missing records that might be probative to disability "does not establish that the ALJ failed to develop" the record). To the extent any such records exist, it is unclear why Plaintiff has never produced them, either before the ALJ, when requesting Appeals Council review, or before this Court. *See* 42 U.S.C. 405(g) (explaining that a court may remand a case for consideration of new and material evidence).

Overall, the ALJ's RFC finding was based on relevant evidence that a reasonable mind could accept as adequate to support the conclusion that Plaintiff could perform sedentary work. *Cf. Johnson v. Colvin*, 669 F. App'x 44, 46 (2d Cir. 2016). As the Second Circuit has stressed, the Commissioner's findings of fact must be upheld unless "a reasonable factfinder would have to conclude otherwise." *Brault v. Soc. Sec. Admin.*, Comm'r, 683 F.3d 443, 448 (2d Cir. 2012) (emphasis in original) (citations omitted). Thus, "[i]f evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld." *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014). The

ALJ's RFC finding in this case accounted for all of Plaintiff's proven limitations and therefore must be affirmed. *See* 20 C.F.R. § 404.1545.

## CONCLUSION

For the above reasons, Plaintiff's motion for judgment on the pleadings (Dkt. No. 7) is denied and defendant's motion for judgment on the pleadings (Dkt. No.9) is granted. The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated: September 2, 2026
Buffalo, New York

MICHAEL J. ROEMER
United States Magistrate Judge